

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 28 2014

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

|  |  |
|---|---|
| John Cook, | : |
| | : |
| Plaintiff, | : Civil Action No.: _3:14-cv-00278 DPm/srk_ |
| v. | : |
| | : **COMPLAINT AND DEMAND FOR** |
| Wells Fargo Bank, N.A.; and DOES 1-10, | : **JURY TRIAL** |
| inclusive, | : |
| | : |
| Defendants. | : |
| | : |

This case assigned to District Judge _MARSHALL_
and to Magistrate Judge _KEARNEY_

## COMPLAINT

For this Complaint, the Plaintiff, John Cook, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.      The Plaintiff, John Cook ("Plaintiff"), is an adult individual residing in Bay, Arkansas, and is a "person" as defined by 47 U.S.C. § 153(39).

4.      Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), is a South Dakota business entity with an address of 101 North Phillips Avenue, Sioux Falls, South Dakota 57104, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5.      Within the last four years, Wells Fargo began placing calls to Plaintiff's cellular telephone, number 870-xxx-0940, in an attempt to collect a consumer debt (the "Debt") allegedly owed by Plaintiff.

6.      During all times mentioned herein, Wells Fargo called Plaintiff on his cellular telephone from number 866-412-6942, using an automatic telephone dialing system ("ATDS").

7.      When Plaintiff answered the calls, he was met with a period of silence and had to wait on the line to be connected to the next available representative.

8.      During a conversation with Wells Fargo taking place on September 22, 2014, Plaintiff requested that the repeated calls to his cellular phone cease. Plaintiff provided Wells Fargo with his home number, and asked that Wells Fargo contact him on that number from then onward.

9.      Without Plaintiff's consent, Wells Fargo placed an additional fifteen calls to Plaintiff's cellular phone. The repeated calls caused Plaintiff significant inconvenience.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

10.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11.     At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephones using an ATDS or predictive dialer.

12.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order,

3

18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

13.     Defendants' telephone systems have some earmarks of a Predictive Dialer.

14.     Often times when Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.

15.     Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16.     Defendants contacted Plaintiff by means of automatic telephone calls to his cellular phone knowing that it lacked consent to call his number in light of him revoking his consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Punitive damages; and

3. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 24, 2014

Respectfully submitted,

By

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff